CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

September 03, 2025

LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
      DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal Case No. 5:18-cr-00038 |
| v. | |
| MERLE BROOK STEPHENS, | **ORDER DENYING MOTION TO QUASH, DENYING MOTION TO MODIFY, AND PROTECTIVE ORDER** |
| Petitioner. | |
| | By: C. Kailani Memmer |
| | United States Magistrate Judge |

Merle Brook Stephens filed a *pro se* motion pursuant to 28 U.S.C. § 2255. ECF No. 289. Stephens claims that his counsel was ineffective for failing to discuss a plea agreement of 10 to 12 years (the "second plea agreement") that was offered by the United States. After being ordered to file a response, the government filed a motion for a finding that the attorney-client privilege is waived as to Stephens' claim. ECF No. 295. The court granted this motion. ECF No. 298.

The government then filed a motion to conduct limited discovery. ECF No. 304. The United States filed this motion because one of Mr. Stephens' attorneys, Bernadette Donovan, advised the United States that she would not discuss Stephens' claim with the United States, disclose any documents to the United States, or provide an affidavit. ECF No. 304. The court ordered as follows:

> The United States has moved for leave to conduct limited discovery in connection with this matter. Specifically, the United States has requested permission to issue two subpoenas pursuant to Rule 45 of the Federal Rules of Civil Procedure directing Bernadette Donovan to (i) produce documents relating to the petitioner's claim that his counsel was ineffective and (ii) appear for a deposition regarding the same. The government's motion establishes good cause for the production of such documents and the taking of such deposition pursuant to Rule 6(a) of the Rules Governing Section 2255

>Proceedings. Accordingly, the government's motion for discovery, ECF No. 304 , is GRANTED, and the government is hereby granted leave to issue both subpoenas as requested. Additionally, the United States' request for an extension of time to answer in order to conduct discovery is also GRANTED. The United States' response to Stephens' motion will be due on July 14, 2025.

ECF No. 305. The court appointed the Federal Public Defender to represent Stephens for purposes of the authorized discovery. ECF No. 306.

Now before the court are a third-party motion to quash the subpoena duces tecum filed by Ms. Donovan,[1] ECF No. 309, and a motion to modify and limit the subpoena filed by Stephens, ECF No. 311. The government opposes both motions. ECF No. 318. These motions will be denied and the court will issue a protective order governing the disclosure of information necessary to respond to the allegations in Stephens' § 2255 motion, as set forth below.

Rule 6(a) of the Rules Governing Section 2255 Proceedings provides that the court may, for good cause, "authorize a party to conduct discovery under the Federal Rules of Criminal Procedure or Civil Procedure . . . ."; *see also* Rule 12 ("The Federal Rules of Civil Procedure and the Federal Rules of Criminal Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules."). The court authorized the United States to issue subpoenas pursuant to Federal Rule of Civil Procedure 45, which governs subpoenas issued to nonparties. "In response to such a subpoena, a non-party may either file a motion to quash or modify the subpoena pursuant to Fed. R. Civ. P. 45(d)(3)(A), move for a protective order pursuant to Fed. R. Civ. P. 26(c), or oppose a motion to compel production of the subpoeanaed documents pursuant to Fed. R. Civ. P. 45(d)(2)(B)." *Schaff v. Smithkline Beecham Corp.*, 233 F.R.D. 451, 453 (E.D.N.C. 2005). When considering the

---

[1] The court also found that the attorney-client privilege was waived as to another former attorney for Stephens, Christopher Kowalczuk. ECF No. 298. The United States represents that it has less need for additional information from Mr. Kowalczuk at this time.

2

propriety of enforcing a subpoena, a court should consider "the relevance of the discovery sought, the requesting party's need, and the potential hardship to the party subject to the subpoena." *Id.* (quoting *Heat & Control, Inc. v. Hester Indus.*, 785 F.2d 1017, 1024 (Fed. Cir. 1986)).

As an initial matter, Ms. Donovan argues in her motion to quash that the court should first require briefing on issues that would not require the requested discovery, such as the timeliness of Stephens' § 2255 motion. Mr. Stephens was ordered to submit information pertaining to the timeliness of his motion, and the court then ordered a fulsome response from the United States. ECF Nos. 292–94. This is not dispositive of the issue, and the government represents that it may still contest the timeliness of Stephens' motion. Nonetheless, the court finds it more efficient for the United States to respond with one motion or response that incorporates all of its arguments in opposition to Stephens' § 2255 motion, as opposed to piecemeal briefing. *See, e.g. Courtade v. United States*, 243 F. Supp. 3d 699, 705 (E.D. Va. 2017) (denying motion to bifurcate § 2255 proceeding to delay discovery on ineffective assistance claim because there is an "easily available remedy to the Petitioner, i.e., a protective order," and "the Petitioner intentionally waived the privilege by asserting claims and presenting evidence that put the former counsel's conduct and communications with the Petitioner at issue").

Both the motion to quash by Ms. Donovan and the motion to modify by Stephens rely upon Virginia Legal Ethics Opinion 1859 (June 6, 2012) (LEO 1859). *See* ECF No. 309-2. The question presented and answered by this opinion is: "May a criminal defense lawyer whose former client claims that the lawyer provided constitutionally ineffective assistance of counsel disclose confidential information to government lawyers prior to any hearing on the defendant's

3

claim, *without a court order* requiring the disclosure or the informed consent of the former client, in order to help to establish that the defense lawyer's representation was competent?" *Id.* at 1 (emphasis added). In addition to not being binding on the court, this opinion is distinguishable because this matter is in litigation and there has been a court order requiring the disclosure. *See id.* at 2 (cautioning against "pre-litigation disclosure" that occurs "when the court has not made a determination of whether the petition is legally and procedurally sufficient"); *see also Courtade*, 243 F. Supp. 3d at 706 n.5 (distinguishing LEO 1859 because it "discourages 'pre-litigation disclosure[s]' by attorneys against whom ineffective assistance of counsel claims have been alleged. Here, the court has ordered the government to respond to the § 2255 motion and determined that the government has shown good cause for the requested discovery").

Stephens and Ms. Donovan also argue that the discovery sought by the government is not necessary to resolve Stephens' ineffective assistance of counsel claim. They characterize Stephens' claim as one involving a complete denial of counsel, where prejudice is presumed, *see United States v. Cronic*, 466 U.S. 648 (1984), and assert that the "record demonstrates that Mr. Stephens's claim should be granted without any further discovery because of the constructive denial of counsel at a critical stage of the proceedings." ECF No. 311 at 11. However, there is a question as to whether this case should be analyzed under *Cronic* because, as the government notes, evidence in the record suggests that Donovan was acting as counsel at the time of the second plea agreement. *See* ECF No. 232-1 at 3. Ultimately, there are factual disputes concerning whether Ms. Donovan presented the second plea agreement to Mr. Stephens, and if not, whether Stephens was prejudiced. *See, e.g.*, *United States v. Odom*, No. 5:20-CR-149-D, 2021 WL 3729956, at *11 (E.D.N.C. Aug. 23, 2021) (discussing elements of claim based on counsel's failure to communicate plea offer pursuant to *Missouri v. Frye*, 566 U.S. 134 (2012)).

4

The government is entitled to discovery on these elements and Ms. Donovan's claim that she was not counsel at the time of the second plea, if Stephens intends to make that argument in support of his petition.

Finally, Ms. Donovan argues that the court should issue a protective order. The government agrees and does not object to the entry of the protective order provided by Ms. Donovan. The court will enter this protective order. *See* ECF No. 309 at 14. Ms. Donovan further requests an *ex parte*, *in camera* forum for the court to determine the necessary disclosures. The court will deny this request without prejudice. It appears to the court that the procedure for disclosure described in *Courtade* would be appropriate in this circumstance. 243 F. Supp. 3d at 705–06 (explaining that "affidavits filed with the court are the proper vehicle for such disclosures" and denying request for *in camera* review as "unnecessary. Should an affidavit be improper, the Petitioner may bring the matter to the attention of the court and, if appropriate, the court will strike the affidavit from the record. Additionally, any use of the affidavits outside of this habeas proceeding is prohibited by the court's protective order issued herein . . .") (citing and discussing Rule 7 of the Rules Governing Section 2255 Proceedings). The court will add language to the protective order in a similar manner as done by the court in *Courtade*. *Id.* at 706–07.[2]

In accordance with the foregoing, the court issues the following orders:

\*\*\*

---

[2] To the extent that the United States seeks documents or communications beyond that which may be disclosed pursuant to the protective order set forth in this opinion, this order is without prejudice to the United States requesting or pursuing such discovery.

## I. ORDER DENYING PENDING MOTIONS TO QUASH AND MODIFY

Based on the foregoing, it is HEREBY ORDERED that the third-party motion to quash by Bernadette Donovan, ECF No. 309, is DENIED, and Stephens' motion to modify and limit the subpoena, ECF No. 311, is DENIED.

## II. PROTECTIVE ORDER

It is FURTHER ORDERED as follows:

> Petitioner's trial counsel, Bernadette Donovan, shall file affidavit(s) with the court disclosing information to the extent reasonably necessary to respond to the allegations in the § 2255 motion concerning counsel's representation of the Petitioner. Ms. Donovan shall provide all documents, including any that may be stored electronically, to include memoranda, letters, notes of conversations, telephone records, emails, visitor logs and similar documents, if any, that relate to Merle Brooke Stephens' Claim that Ms. Donovan did not go over the 2nd plea agreement with Stephens, but Stephens would have accepted the offer if she had. These documents specifically include but are not limited to documents regarding both the 2nd plea agreement and Stephens' interest and willingness to engage in plea negotiations generally. To the extent former counsel reasonably believe necessary, Ms. Donovan shall provide supporting documents and redact these documents, if the documents address other aspects of counsel's representation of the Petitioner that are not necessary for resolution of the Petitioner's claims about counsel's conduct and their communications. The attorney-client privilege, which attaches to the communications between the Petitioner and his former counsel, shall not be deemed automatically waived in any other state or federal proceeding.
>
> All discovery granted to respondent pursuant to respondent's motion to discover trial counsels' files and conduct depositions of trial counsel shall be deemed to be confidential. This material may be used only by representatives from the U.S. Attorney's Office for the Western District of Virginia and only for purposes of any proceedings incident to litigating the claims presented in the Motion to Vacate pursuant to Section 2255 pending before this Court. Disclosure of the confidential information may not be made to any other persons or agencies, including any other law enforcement or prosecutorial personnel or agencies, without an order from this

Court. This order shall continue in effect after the conclusion of the Section 2255 proceedings and specifically shall apply in the event of a retrial of all or any portion of petitioner's criminal case, or prosecution of any other or new allegations, except that either party maintains the right to request modification or vacation of this order upon entry of final judgment in this matter.

### III. DISCLOSURE AND BRIEFING SCHEDULE

Ms. Donovan shall have thirty (30) days from entry of this order to file affidavits and documents in accordance with this order. The government's response to the Petitioner's § 2255 motion is due thirty (30) days from the entry of Ms. Donovan's filing. The Petitioner shall file any reply brief within fourteen (14) days of service of the government's response.

The Clerk is directed to transmit a copy of this order to all counsel of record.

It is SO ORDERED.

Enter: September 3, 2025

C. Kailani Memmer
United States Magistrate Judge